Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6976 | **DATE** | 1/15/2002 |
| **CASE TITLE** | Master Tech Products vs. Smith | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying defendant's motion to dismiss for lack of personal jurisdiction and venue (4-1 & 2). Discovery is ordered closed on 8/16/02. Any dispositive motion will be due by 9/15/02. Any extension of discovery will not change the date for the filing of any motion for summary judgment. Pretrial order due by 10/4/02; and response to any motions in limine by 10/18/02. Pretrial conference set for 11/7/02 at 4:00 p.m. Trial set for 1/6/03 at 9:30 a.m.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JAN 16 2002 date docketed | 13 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 1/15/2002 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ6 mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MASTER TECH PRODUCTS, INC., )
)
    Plaintiff, )
)
v. ) No. 01 C 6976 DOCKETED
)
MERLE SMITH, ) JAN 1 6 2002
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Master Tech Products, Inc., sues Merle Smith, the president of Prism Enterprises, Inc., for civil violations of RICO, 18 U.S.C. § 1961 *et seq.* According to the complaint, Prism employees, acting at the direction of Smith, deliberately acquired confidential information about one of Master Tech's products under the guise of a potential acquisition of the company, and Smith and Prism used that information to develop a competing product and drive Master Tech out of business. Smith moves to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and for improper venue under Rule 12(b)(3). On such a motion, I read the complaint liberally and draw all reasonable inferences in favor of the plaintiff. *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999). Where conflicting evidence is presented, I resolve factual disputes in the plaintiff's favor. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 175 (7th Cir. 1997).

13

I. Personal Jurisdiction

Personal jurisdiction must comport with due process, and the defendant must be amenable to service of process. *United States v. De Ortiz*, 910 F.2d 376, 381 (7th Cir. 1990). In a federal question case, "due process requires only that each party have sufficient contacts with the United States as a whole rather than any particular state." *Id.* at 382. Service of process is proper when authorized by a federal statute. Fed. R. Civ. P. 4(k)(1)(D). Here, RICO authorizes nationwide service of process, but only if "it is shown that the ends of justice require that other parties residing in any other district be brought before the court." 18 U.S.C. § 1965(b); *Stauffacher v. Bennett*, 969 F.2d 455, 460 (7th Cir. 1992), *superseded on other grounds by amendment of rule* (finding nationwide service of process under § 1965(b)). Here there is only one defendant, and because he is a resident of Texas and doing business there, a district court in Texas would have jurisdiction, so the ends of justice do not require his presence here. *Lisak v. Mercantile Bancorp, Inc.*, 834 F.2d 668, 671-72 (7th Cir. 1987); *see also Sadighi v. Daghighfekr*, 36 F. Supp. 2d 267, 273 (D.S.C. 1999) (Under § 1965(b), "nationwide service of process is not automatic; instead, a plaintiff has to demonstrate that the ends of justice require the assertion of such process."). Because § 1965(b) and Rule 4(k)(1)(D) do not authorize nationwide service of process, Master Tech must demonstrate that Smith could be subject to

2

jurisdiction of the Illinois courts. Fed. R. Civ. P. 4(k)(1)(A); *Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1201 (7th Cir. 1997) (holding that even in federal question case, where federal statute does not authorize service of process, the court must determine under Rule 4(k)(1)(A) whether the state in which the district court is located is authorized to exercise personal jurisdiction). This requires a traditional minimum contacts analysis.

Master Tech does not argue that general jurisdiction is proper here, so I consider only whether there is specific jurisdiction; that is, whether Master Tech's cause of action arises out of or is related to Smith's contacts with Illinois. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997). Smith is not a resident of Illinois, does not own property in Illinois, and has never visited Illinois for the purpose of conducting business with Master Tech. Smith Aff. ¶¶ 1, 2, 6. His only personal contact with Illinois related to this case is a telephone call between Smith and the president of Master Tech in which Smith allegedly said that Prism was still interested in acquiring Master Tech but that there were funding delays, and that Prism would not take advantage of Master Tech. Compl. ¶ 22.B.viii. Master Tech alleges that this phone call was part of a scheme to defraud Master Tech by inducing it to divulge confidential information under the guise of an acquisition deal. The complaint says that Master Tech disclosed the confidential information in 1998, *before* the telephone conversation

3

with Smith. Compl. ¶¶ 10, 11. But Master Tech alleges that the telephone call was in furtherance of the scheme to defraud, *id.* ¶ 22.B, and communications may be actionable under federal mail fraud statutes even if they occur after the object of the fraud has been achieved. *United States v. Brocksmith*, 991 F.2d 1363, 1367-68 (7th Cir. 1993) ("Use of the mails to lull victims into a false sense of security . . . violates the mail fraud statute, even if it occurs after the money has been fraudulently obtained."). The use of the mails to send communications to Illinois as part of a scheme to defraud an Illinois company can serve as a basis for personal jurisdiction, *FMC Corp. v. Varonos*, 892 F.2d 1308, 1314 (7th Cir. 1990), so Smith's call is a relevant contact.

Master Tech also argues that James Moore's and Brian Mitchell's contacts with Illinois should be attributed to Smith for the purposes of personal jurisdiction because they were acting as Smith's agents. According to the complaint, Smith directed Moore and Mitchell, employees of Prism, to contact companies and acquire confidential information under the guise of negotiating an acquisition even though Prism did not intend, and was unable, to follow through with the purchase. Compl. ¶ 21. Mitchell testified that Smith instructed him to string companies along about acquisition by Prism even though Prism lacked the funds to purchase any companies. Pl.'s Ex. C at 134. Smith denies that he ever instructed any Prism employee to misuse confidential information

4

Aff. ¶ 7, but I must resolve conflicts in the affidavits and draw inferences in favor of Master Tech, *RAR, Inc.*, 107 F.3d at 1275, and Mitchell's testimony shows that he was acting at Smith's direction when he contacted Master Tech and signed the confidentiality agreement. These communications to and from Illinois are central to the RICO claim, and the claim arises directly out of them, so they are jurisdictionally significant contacts. The only question is whether they may be attributed to Smith for the purposes of this lawsuit.

The Illinois long-arm statute expressly authorizes personal jurisdiction over a person for acts done "through an agent," 735 ILCS 5/2-209(a), and this comports with due process notions of fairness. *See Wisconsin Elec. Mfg. Co., Inc. v. Pennant Prods., Inc.*, 619 F.2d 676, 677 (7th Cir. 1980) (holding that "visits by the buyers' agents to [the forum] in connection with the business on which the claim is based" were sufficient minimum contacts to satisfy due process); *Madison Consulting Grp. v. South Carolina*, 752 F.2d 1193, 1200-01 (7th Cir. 1985) (same); *Tri-Meats, Inc. v. NASL Corp.*, No. 99 C 3692, 2001 WL 292621, at *3 (N.D. Ill. March 26, 2001) (Moran, J.) (same). Viewing Smith's contacts with Illinois--his own and those attributed to him through his agents--in their totality, the exercise of personal jurisdiction over Smith by an Illinois court would be consistent with due process, so personal jurisdiction is proper here.

5

II. Venue

Neither party argues that the RICO venue provision, 18 U.S.C. § 1965(a),[1] applies here, so I look to the general venue statute. Venue is proper in a federal question case "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). There is no dispute that Smith was never personally in Illinois, and that his only contacts with Illinois are telephone conversations with Master Tech. Smith argues that correspondence and telephone conversations are insufficient to support venue under § 1391(b)(2), but that depends on the nature of the contacts and their relationship to the claim. In *Pfeiffer v. Insty Prints*, No. 93 C 2937, 1993 WL 443403 (N.D. Ill. Oct. 29, 1993) (Hart, J.), cited by Smith, the court held that, in a breach of contract case, telephone conversations merely reporting ongoing activities were not a "substantial part of the events or omissions giving rise to the claim" because they were not part of the conduct underlying the breach of contact; they were only incidental to the claim. *Id.* at *2-3 (under § 1391(a)(2)). However, venue under the "substantial part" provisions of § 1391 "may be satisfied by a communication to or f[ro]m the district in which the cause of action was filed, given a sufficient relationship between the communication and the cause of action."

---

[1] Section 1965(a) states that venue is proper in a civil RICO case in "any district in which such person resides, is found, has an agent, or transacts his affairs."

6

*Celozzi v. Boot*, No. 00 C 3285, 2000 WL 1141568, at *6 (N.D. Ill. Aug. 11, 2000) (Kocoras, J.); *see also Pasulka v. Sykes*, 131 F. Supp. 2d 988, 994 (N.D. Ill. 2001).

The telephone calls between Smith and Master Tech occurred after Master Tech had divulged the confidential information, but as I noted above, they are an actionable part of the RICO scheme, and not merely incidental to the alleged wrongful act like the calls in *Pfeiffer*. Furthermore, Moore's and Mitchell's contacts with Master Tech in Illinois, in their capacity as Smith's agents, are attributable to Smith for venue purposes. *See Emjayco v. Morgan Stanley & Co., Inc.*, 901 F. Supp. 1397, 1401 (C.D. Ill. 1995) (Mills, J.) (rejecting conspiracy theory of venue, but applying agency theory to analysis of venue under § 1391).

Moreover, although Moore's and Mitchell's conduct is attributable to Smith, it need not be. "Venue under 28 U.S.C. § 1391 usually respects defendants' interests," *Board of Trustees v. Elite Erectors, Inc.*, 212 F.3d 1031, 1036 (7th Cir. 2000), but fairness is insured by the requirement that the events in the district be "substantial." *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994). The test for venue under § 1391 looks not to the defendant's contacts with the forum, but the location of the events giving rise to the cause of action. *Id.* To be "substantial," it is enough to establish that the events that took place in Illinois were "part of the historical predicate for

7

the instant suit." *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001). In *Uffner*, the First Circuit held that, in a claim against an insurer for wrongful denial of a claim, venue was proper in the district where the property was damaged even though the defendant insurer did not cause the damage. *Id.*; cf. *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995) (holding that only the acts of the defendant are relevant for purposes of venue). *Uffner* noted a split of authority, but joined the Second, Third and Sixth Circuits in taking "a more holistic view of the acts underlying a claim." 244 F.3d at 42 n.6 (citing cases). The Seventh Circuit has not taken sides on this issue, but I consider the reasoning of the majority of circuits to be sound and I follow it here. Smith's own actions directed at Master Tech in Illinois, as well as Moore's and Mitchell's actions, including making telephone calls and sending confidentiality agreements, are even more than "part of the historical predicate" for the RICO claim; they are the essence of the claim and form a substantial part of the events giving rise to it. Thus they are sufficient to establish venue in this district under § 1391(b)(2). *See Sacody Techs., Inc. v. Avant, Inc.*, 862 F. Supp. 1152, 1157 (S.D.N.Y 1994) (holding that transmission of confidentiality agreement to and from the district was sufficient to demonstrate that "substantial part" of action for breach of that agreement took place in the district). Defendant's

motion to dismiss for lack of personal jurisdiction and venue is DENIED.

**ENTER ORDER:**

_Elaine E. Bucklo_
**Elaine E. Bucklo**
United States District Judge

Dated: January 15, 2002